# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR RUGGERY,<br>    Appellant,<br><br>v.<br><br>RSJ DEVELOPMENT, L.L.P., LESTER A. STOTLER, JR., KEITH J. PARLOWSKI, LINDA M. GEORGE, ALFRED J. VELOX, ROBERT J. RUGGERY, JACQUELINE K. JACOBS, THOMAS D. MCGINNIS, MICHAEL D. ESTEP, ANDRA D. ESTEP, V.P. MORTGAGE, INC., RADD DEVELOPMENT CO., JAMES R. WALSH, ROBBINS CAPITAL & FINANCE,<br>    Appellees. | CIVIL ACTION NO. 3:05-412<br><br>JUDGE KIM R. GIBSON |

## MEMORANDUM OPINION AND ORDER OF COURT

**GIBSON, J.**

### SYNOPSIS

This matter comes before the Court on appeal from the order of the United States Bankruptcy Court for the Western District of Pennsylvania dated August 31, 2005. Document No. 1-6. James R. Walsh (hereinafter "Walsh"), the Chapter 7 Trustee of RSJ Development, L.L.P. (hereinafter "RSJ"), has filed a motion to dismiss the appeal. Document No. 10. For the following reasons, the Court will grant the motion.

### JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a). "The Bankruptcy

1

Court's factual findings may not be set aside unless they are clearly erroneous." *Kool, Mann, Coffee & Co. v. Coffey*, 300 F.3d 340, 353 (3d Cir. 2002). This Court must "accept the ultimate factual determination of the fact-finder unless that determination either is completely devoid of minimum evidentiary support displaying some hue of credibility or bears no rational relationship to the supportive evidentiary data." *Id.* at 353 (quoting *Hoots v. Pennsylvania*, 703 F.2d 722, 725 (3d Cir. 1983) (citation omitted)). In reviewing the Bankruptcy Court's factual findings, this Court must "give due regard to the opportunity of that court to judge first-hand the credibility of witnesses." *Fellheimer, Eichen & Braverman, P.C. v. Charter Techs., Inc.*, 57 F.3d 1215, 1223 (3d Cir. 1995). The legal determinations made by the Bankruptcy Court are subject to plenary review. *In re Engel*, 124 F.3d 567, 571 (3d Cir. 1997).

## BACKGROUND[1]

RSJ Development filed a voluntary Chapter 11 petition on January 12, 2004. Document No. 1-6, p. 1. Its principal was Appellant Victor Ruggery (hereinafter "Ruggery" or "Appellant"). *Id.* On August 5, 2004, RADD Development Co. (hereinafter "RADD"), a secured creditor, filed a motion to appoint a Chapter 11 trustee, accusing Ruggery of both incompetence and improprieties. *Id.* VP Mortgage, Inc. (hereinafter "VP Mortgage"), the holder of a first-priority mortgage lien against RSJ's real property, concurred with that motion. *Id.* at 1-2. A hearing was held on September 3, 2004. *Id.* at 2. RADD's motion to appoint a Chapter 11 trustee was subsequently granted, since the Bankruptcy Court was convinced that Ruggery was incompetent and that he had engaged in certain improprieties.

---

[1] The Court has no record to review, since the Appellant, Victor Ruggery, has failed to comply with Federal Rule of Bankruptcy Procedure 8006. For this reason, the factual background in this opinion is derived exclusively from the order of the Bankruptcy Court. Document No. 1-6.

2

*Id.*

On September 22, 2004, the case was converted to a Chapter 7 proceeding because it had become obvious that RSJ would not reorganize. *Id.* The Chapter 11 trustee was appointed as the Chapter 7 trustee. *Id.* On June 7, 2005, the Chapter 7 trustee brought a motion to sell real estate pursuant to a sales agreement which had been executed on May 23, 2005. *Id.* A hearing was held on the motion on July 7, 2005, and the sale of the property to Lancaster Development Co. (hereinafter "Lancaster") was confirmed on that day. *Id.* At the hearing, Ruggery offered to purchase the property for more than $2,100,000.00. *Id.* Nevertheless, after learning that Ruggery did not have the necessary down payment and had not obtained adequate financing to purchase the property, the Bankruptcy Court concluded that his offer was not bona fide and that Lancaster had made an offer that was both higher and better. *Id.*

Unhappy with the disposition, Ruggery brought a motion for reconsideration. *Id.* He alleged that Sunrise Homes was prepared to pay $2,400,000.00 for the property. *Id.* A hearing was held on August 29, 2005. *Id.* Sunrise Homes did not have the financing in place for $2,400,000.00. *Id.* In addition, Sunrise Homes' offer was conditional. *Id.* Sunrise Homes was unwilling to post a bond in the amount of $2,100,000.00, which was requested in case the purchase was authorized. *Id.*

The Bankruptcy Court again determined that the offer by Lancaster was a higher and better offer. *Id.* Between July 7, 2005, and August 31, 2005, Lancaster expended approximately $100,000.00 to ready the realty for development. *Id.* Moreover, the Bankruptcy Court stated that Ruggery was so distrusted that the secured creditors would not agree to concessions if the sale to Lancaster were to be vacated and the property were to be sold to anyone "brought to the table" by Ruggery. *Id.* at 3. Given

3

that the sale to Lancaster had been duly noticed and authorized, and since Lancaster had acted in good faith, the Bankruptcy Court denied Ruggery's motion for reconsideration. *Id.* at 3.

Ruggery appealed the Bankruptcy Court's denial of his motion for reconsideration, and the matter is currently pending before the Court on Walsh's motion to dismiss. Document No. 10. Walsh brings the motion because of Ruggery's persistent failure to comply with the Federal Rules of Bankruptcy Procedure.

## **DISCUSSION**

Acting *pro se*, Ruggery filed a notice of appeal on September 9, 2005. Document No. 10-3. In his own handwriting, he indicated that he had not had enough time to secure counsel and that he would be able to properly file all of the appropriate paperwork after hiring an attorney to represent him. *Id.* at 1-2. He further stated that if he would have had counsel with him at the hearing regarding his motion for reconsideration, the determination made by the Bankruptcy Court would have been different. *Id.* at 2. The Bankruptcy Court subsequently entered a request for a revised notice of appeal dated September 9, 2005, indicating that Ruggery should immediately file a revised notice of appeal containing the names of all parties to the judgment, order or decree appealed from and the names, addresses and telephone numbers of their respective attorneys. Document No. 10-4. This revised notice of appeal was necessary in order to secure compliance with Federal Rule of Bankruptcy Procedure 8001(a). *Id.* Ruggery never revised his notice of appeal.

On September 28, 2005, the Bankruptcy Court sent a notice of intention to transmit partial record to Ruggery, indicating that he had failed to designate the contents of the record on appeal and had failed to file a statement of issues on appeal, both of which Appellant should have filed within ten

days after filing the notice of appeal pursuant to Federal Rule of Bankruptcy Procedure 8006. (Document No. 10-5). The Bankruptcy Court's notice also stated that Ruggery had failed to provide a transcript designated in the record or, in the alternative, evidence that a transcript had been ordered. *Id.*

On December 6, 2005, Ruggery filed a handwritten request for an extension of time to pay the $250.00 filing fee, contending that he would soon have both the money to pay the fee and counsel to assist him in properly filing his appeal. Document No. 3. He requested an extension to last through January 15, 2006. *Id.* This Court denied the request on March 13, 2006. Document No. 5. Ruggery proceeded to pay the filing fee on May 10, 2006. Document No. 6.

Thereafter, Appellant sent a letter to this Court dated October 10, 2006, which was docketed as a brief on October 13, 2006. Document No. 7, pp. 1-2. In the letter, Ruggery asked the Court to overlook his failure to comply with the applicable procedural rules because his financial situation precluded him from securing counsel. *Id.* at 1. He complained that Walsh had thwarted his efforts to obtain "bigger and better offers" for his property. *Id.* at 2. Moreover, he indicated that Walsh had a "personal dislike" for him. *Id.* Finally, Ruggery contended that even though Walsh had assured the Bankruptcy Court that Lancaster would close within sixty days, no closing had yet occurred despite the passage of thirteen months. *Id.* Ruggery requested that this Court give him an opportunity to prove his ability to pay his creditors in full. *Id.*

On November 1, 2006, attorney David J. Novak entered his appearance in this matter on Walsh's behalf. Document No. 8. Prior to this entry, the Court had no indication as to who the other Parties to this appeal were. The next day, Walsh filed the motion *sub judice*.

The grounds asserted by Walsh in support of the Motion concern both Ruggery's persistent failure to comply with the applicable procedural rules and his failure to request relief bearing some rational relationship to the order from which he appealed. Document No. 10. Walsh apparently construes Ruggery's letter (which has been docketed as a brief) as a request that this Court reconvert this case from a Chapter 7 proceeding to a Chapter 11 proceeding. *Id.* at 3. The Court notes that on or around November 9, 2005, Ruggery sent a letter to the Bankruptcy Court asking for either a reopening of the bidding process or an order allowing RSJ Development to "revert back to Chapter 11" and to immediately begin the process of selling lots and repaying creditors. Document No. 4-2, p. 2. Walsh contends that Ruggery's requested relief (i.e., conversion of the case) is unrelated to the order from which Ruggery appealed: the denial of his motion for reconsideration. Document No. 10, p. 3.

In support of his motion to dismiss, Walsh relies on Rules 8001(a), 8006 and 8009. *Id.* at 2-3. Rule 8001(a) provides, in pertinent part:

> An appeal from a judgment, order, or decree of a bankruptcy judge to a district court or bankruptcy appellate panel as permitted by 28 U.S.C. § 158(a)(1) or (a)(2) shall be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002. An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal.

FED. R. BANKR. P. 8001(a). It is clear that the procedural defects in this case, though serious, are non-jurisdictional. By its very terms, Rule 8001(a) grants this Court discretion to take "such action" that is deemed to be "appropriate, which may include dismissal of the appeal." FED. R. BANKR. P. 8001(a). "Not every failure to follow procedural rules mandates dismissal of the appeal." *In re Comer*, 716 F.2d 168, 177 (3d Cir. 1983). Nevertheless, "a non-jurisdictional, procedural defect, when coupled with a

6

finding of either prejudice to the appellee or bad faith on the part of the appellant, may serve as a proper basis to dismiss." *In re SB Props., Inc.*, 185 B.R. 198, 202 (E.D.Pa. 1995). With that in mind, the Court now turns to the specific procedural defects in this case.

Walsh contends that Ruggery failed to comply with Rule 8006, which required him to "file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented" within ten days after the filing of his notice of appeal. FED. R. BANKR. P. 8006. Walsh also claims that Ruggery failed to comply with Rule 8009(a)(1), which required him to "serve and file a brief within fifteen days after entry of the appeal on the docket pursuant to Rule 8007." FED. R. BANKR. P. 8009(a)(1). Rule 8009's reference to Rule 8007 has been construed to refer to Rule 8007(b), which provides:

> When the record is complete for purposes of appeal, the clerk shall transmit a copy thereof forthwith to the clerk of the district court or the clerk of the bankruptcy appellate panel. On receipt of the transmission the clerk of the district court or the clerk of the bankruptcy appellate panel shall enter the appeal in the docket and give notice promptly to all parties to the judgment, order, or decree appealed from of the date on which the appeal was docketed. If the bankruptcy appellate panel directs that additional copies of the record be furnished, the clerk of the bankruptcy appellate panel shall notify the appellant and, if the appellant fails to provide the copies, the clerk shall prepare the copies at the expense of the appellant.

FED. R. BANKR. P. 8007(b). The fifteen-day clock referenced in Rule 8009(a)(1) does not begin to run until the "clerk of the district court" enters the appeal on the docket *and* gives prompt notice to all parties. *In re Enron Corp.*, 475 F.3d 131, 133-34 (2d Cir. 2007); *In re Weiss*, 111 F.3d 1159, 1172 (4th Cir. 1997); *In re Jewelcor*, 11 F.3d 394, 398-99 (3d Cir. 1993). Since the Court had no notice of the other parties in this case until Walsh's counsel entered his appearance, Ruggery's brief (i.e., his letter

dated October 10, 2006) was actually filed *before* notice of this appeal was given to the other parties.[2] This reality, however, is inconsequential, since Ruggery has repeatedly failed to comply with the Federal Rules of Bankruptcy Procedure throughout this entire process.

As Walsh points out, Ruggery has completely failed to comply with Rule 8006, which required him to identify the "items to be included in the record" and "the issues to be presented." FED. R. BANKR. P. 8006. For this reason, the Court has no substantive issues to address and no record to review. Document No. 10, p. 3. Walsh also contends that the relief sought by Ruggery is unrelated to the order from which he appealed. *Id.* The Court will reserve judgment as to the latter point, since it is impossible to ascertain the precise nature of Ruggery's argument without reviewing the underlying record or knowing the issues under review. It suffices to say that Ruggery has utterly failed to comply with the applicable procedural rules for over a year, and that his repeated failures have prejudiced the appellees by depriving them of a sufficient understanding of the basis for his appeal. Referring to Rule 8010 (which Appellant has also ignored), the United States District Court for the Eastern District of Pennsylvania stated:

> Pleadings filed pro se are construed liberally, and this court would not ordinarily be inclined to dismiss Mr. Trinsey's appeal on what would appear to be the technical ground that it fails to conform to the rules for presenting briefs on appeal. However, Bankruptcy Rule 8010 is not only a technical or aesthetic provision, but also has a substantive function–that of providing the other parties and the court with some indication of which flaws in the appealed order or decision motivate the appeal. Mr. Trinsey's brief asserts that a number of injustices have occurred in the course of his litigation before various courts, but does not specifically relate them to the order that he appeals. Nor can this court discern any relationship between the wrongs Mr. Trinsey

---

[2] Given the Court's decision to dismiss Ruggery's appeal for other reasons, it is not necessary for the Court to determine the precise moment at which Rule 8009(a)(1)'s fifteen-day clock begins to run in a case where no notice could have been sent to the appellees because of the appellant's failure to identify them.

8

describes and the appealed order. Accordingly, the Trustee's motion to dismiss this appeal will be granted.

*In the Matter of Gulph Woods Corp.*, 189 B.R. 320, 323 (E.D. Pa. 1995) (footnote omitted). The same principle applies in the instant case. A court cannot decide a case without knowing the substantive legal claims raised by the party seeking relief. *Slack v. St. Louis County Gov't*, 919 F.2d 98, 99-100 (8th Cir. 1990). Ruggery's complete failure to articulate the basis for his appeal prevents this Court from engaging in a meaningful review of the Bankruptcy Court's decision.

Although Ruggery does not have counsel, this Court cannot excuse his repeated failure to follow rudimentary procedural rules. As the United States Supreme Court explained in *McNeil v. United States*:

> It is no doubt true that there are cases in which a litigant proceeding without counsel may make a fatal procedural error, but the risk that a lawyer will be unable to understand the exhaustion requirement is virtually nonexistent. Our rules of procedure are based on the assumption that litigation is normally conducted by lawyers. While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed, and have held that some procedural rules must give way because of the unique circumstances of incarceration, we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. As we have noted before, in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.

*McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 124 L. Ed. 2d 21, 28-29 (1993) (internal citations omitted). For more than a year, Appellant has failed to comply with the Federal Rules of Bankruptcy Procedure, thereby depriving the appellees of an opportunity to refute his allegations and precluding this Court's review of the underlying determination of the Bankruptcy Court. Under these circumstances, the Court deems dismissal of Ruggery's appeal appropriate. FED. R. BANKR. P. 8001(a).

9

Accordingly, the Court will grant Walsh's motion to dismiss.

An appropriate order follows.

**AND NOW**, this 1st day of June, 2007, this matter coming before the Court on appeal pursuant to 28 U.S.C. § 158(a), and on Appellee's Motion to Dismiss the appeal (Document No. 10), **IT IS HEREBY ORDERED** that the Motion is **GRANTED**.

**BY THE COURT:**

*/s/ Kim R. Gibson*

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**

**Cc:   All counsel of record**
**      Victor Ruggery**